**In re TORCO EQUIPMENT COMPANY, Charles E. Weimer, Jr., Pres., Debtor.**

**Michael J. CLARE, Trustee, Plaintiff,**

v.

**LIBERTY NATIONAL BANK & TRUST CO., Defendant.**

Bankruptcy No. 38200910.
Adv. No. 3840030.

United States Bankruptcy Court,
W.D. Kentucky.

May 21, 1984.

Michael J. Clare, Louisville, Ky., trustee/plaintiff.

Octavia Wilkins, Louisville, Ky., for debtor.

David T. Stosberg, Atty. at Law, Louisville, Ky., for creditor.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This trustee's preference action, brought against the same creditor who had sued the trustee and the debtor two years ago on a related claim, is sought to be dismissed by the creditor Liberty National Bank. The creditor urges the right outcome for the wrong reasons. We dismiss the complaint, on procedural grounds we will explain.

In May, 1982, Liberty National sued Torco Equipment Co. and Michael J. Clare, its trustee in bankruptcy, for relief from the automatic stay in order to reclaim its security on an $81,000 debt. The trustee objected to lifting the stay on the general ground, as we read his pleading, that he needed further information before forming a judgment as to whether he should renounce his interest in certain secured property. After several hearings and in due course the controversy was resolved and the file was closed in July, 1982.

In April, 1984, the trustee filed a preference action alleging prebankruptcy transfers of $37,644 from Torco to Liberty Na-

tional and seeking the return of that amount to the bankrupt estate. The complaint is in the classic configuration of a Section 547 preference suit, with the added fillip of a claim against the bank for $6,000 in administrative rent for the bank's storage use of the bankrupt premises for a four-month period in 1982. The bank's answer consists of a general denial and, predictably in the best-defense strategy of aggressive counsel, a counterclaim against $2,500 held in escrow by the trustee, which the bank maintains is covered by its security interest. The bank also moves to dismiss the complaint, on the ground that all of the issues raised by it are res judicata by virtue of the previous action between the parties. We need address only the dismissal motion.

■ Res judicata holds that a final decision on the merits by a court of competent jurisdiction bars a later retrial of the same issues between the same parties. The venerable doctrine is a favorite of this court. We have employed res judicata and its blood kin collateral estoppel in a raft of dischargeability cases, to avoid the relitigation of issues previously adjudicated in state courts.

The doctrine has, however, its limits, the most frequently examined of which is that the *same issues* must be involved.

■ We are unable to say that the issues in a § 362 complaint to lift the stay [1] are the same as those in a § 547 preference action. In the former type of case the issues are lack of adequate protection of creditors and lack of the debtor's equity in, and need for, the property. In the latter, the questions center upon unfair favoritism of selected creditors by a debtor beyond the brink of insolvency. In operation the former type of relief is prospective and preventive; the latter is retrospective and remedial. The issues in the two types of actions are generically and radically different. Res judicata cannot apply.

■ But the end goals of res judicata, which are the prevention of duplicative litigation and the finality of justice, are also served by the federal court rules governing counterclaims and crossclaims. Such rules encourage the bundling of mutual grievances for a single judicial handling, so that disputants can be freed of one another and courts made available for other matters.

At the time of the first action between these parties in 1982, Bankruptcy Rule 713 was in effect. Rule 713 incorporated the compulsory counterclaim requirements of Rule 13 of the Federal Rules of Civil Procedure, but created an important exception:

> ... (W)hen a trustee or receiver fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, he may by leave of court set up the omitted counterclaim by amendment or by commencing a new adversary proceeding or separate action ...

Rule 7013 of the new Bankruptcy Rules is edited for brevity but in substance is identical to its predecessor Rule 713.

The earlier action between these parties was brief but intense. It was practiced with a vigor that led the court to suspect that, for counsel, the fight had become its own reward. During the course of that proceeding the trustee wrote a letter to opposing counsel, with a copy to the court file, which read in part:

> The matter that gives me great concern is the sale of a considerable amount of the bankrupt's property within a month or so of bankruptcy. I have heard that the bank was privy to the sale and also received a substantial payment from the proceeds of the sale... I understand in excess of $36,000 was paid, and I would like an accounting of this to show what property that was secured by the bank was sold to make the payment.[2]

---

1. In the interest of expediency § 362 proceedings, formerly commenced by complaint, were reduced to motion practice under Bankruptcy Rules 4001 and 9014.

2. Letter of Michael J. Clare to David T. Stosberg of June 18, 1982.

The amount put into controversy by the present action, it is remembered, is $37,644.

Thus the trustee clearly identified a probable preference claim against this creditor as early as June, 1982, and at that time elected either (a) to pursue the claim not through a lawsuit but rather through negotiation and compromise, or (b) not to pursue the claim at all.

In the face of the written demand made by the trustee two years ago, it is not possible to believe that his abandoned pursuit was the product of "oversight, inadvertence, or excusable neglect" rather than considered judgment. In point of fact, no such contention has been made. The trustee has not, as required by both the new and the old Bankruptcy Rules, sought leave of court to file the instant complaint.

Nor can it be said, in the words of Rule 7013, that "justice so requires" the reinstatement of the trustee's claim. In balancing the trustee's duty to maximize the estate against his duty to promptly establish the claims that comprise that estate, in the context of this case, the latter concern must predominate. Even creditors, we daresay, are entitled to their surcease. Death by slow torture is no more permissible in an economic court than in a criminal one.

We hold that (a) the preference claim of the trustee bears a sufficient transactional relation to the earlier creditor's complaint to lift the stay that it was a compulsory counterclaim under Rule 13, FRCP, and Bankruptcy Rule 713; (b) the trustee's failure to prosecute the claim for two years after first raising it does not allow a finding of "oversight, inadvertence or excusable neglect," and, (c) accordingly, that portion of the complaint seeking to set aside a preference is dismissed, with prejudice.

That portion of the complaint seeking administrative rent, and the creditor's counterclaim against the trustee's escrow fund, will be restored to the docket after opposing counsel have both advised the court that these essentially administrative matters cannot be resolved by negotiation and compromise.

