In re **TORCO EQUIPMENT COMPANY, Debtor.**

Michael J. **CLARE, Trustee, Appellant,**

v.

**LIBERTY NATIONAL BANK AND TRUST COMPANY, Appellee.**

No. C 84–0729–L(B).

United States District Court, W.D. Kentucky, Louisville Division.

Jan. 21, 1986.

Michael J. Clare, Louisville, Ky., Trustee.

Octavia Wilkins, Louisville, Ky., for debtor.

David T. Stosberg, Morgan and Pottinger, Louisville, Ky., for appellee.

### MEMORANDUM

BALLANTINE, District Judge.

This is an appeal from an order of the bankruptcy court dated May 21, 1984, dismissing a preference action brought by the bankruptcy trustee to recover the amount of $37,644 allegedly transferred by the debtor to Liberty National Bank and Trust Company prior to the commencement of the bankruptcy proceedings.

The debtor's petition in this case was filed April 23, 1982. On May 11, Liberty National Bank filed a complaint against the debtor and Michael J. Clare, its trustee in bankruptcy, for relief from the automatic stay. On July 15, 1982, a hearing was held on the complaint to lift the stay and the stay was lifted.

In April of 1984 the trustee filed the present preference action pursuant to 11 U.S.C. § 547. The bank moved to dismiss the complaint on the grounds that the issues were res judicata. Declining to dismiss the case on res judicata grounds, the

bankruptcy court sua sponte raised the issue of compulsory counterclaims. It concluded that the preference claim of the trustee under 11 U.S.C. § 547 was sufficiently similar to the § 362 action filed in May of 1982 that it was a compulsory counterclaim under Fed.R.Civ.P. 13, and Bankruptcy Rule 713 (now Rule 7013).

Fed.Rule Civ.P. 13(a) provides with respect to compulsory counterclaims that "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Bankruptcy Rule 713 which was in effect when this action was commenced, reads:

> Rule 13 of the Federal Rules of Civil Procedure applies in adversary proceedings, except that (1) subdivision (f) does not apply, (2) a party sued by a trustee or receiver need not state as a counterclaim any claim which he has against the bankrupt, his property, or the estate, (3) when a trustee or receiver fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, he may by leave of court set up the omitted counterclaim by amendment or by commencing a new adversary proceeding or separate action, and (4) persons other than the original parties to the adversary proceeding may be made parties to a counterclaim or cross-claim in accordance with Rules 719 and 720.

The bankruptcy court dismissed the trustee's complaint with the reasoning that the § 362 complaint to lift the stay contained issues sufficiently similar to those involved in the § 547 preference action to invoke the compulsory counterclaim requirements of F.R.Civ.P. 13 and Bankruptcy Rule 7013. The court further declined to give leave to the trustee to file the action because of "oversight, inadvertence, or excusable neglect." In doing so the court cited a letter from the trustee to opposing counsel dated in June of 1982, in which the trustee expressed his concern that a considerable amount of the bankrupt's property had been sold and that the bank had received in excess of $36,000 from the sale. The bankruptcy court held that in view of the written demand for an accounting of this sale made two years previous to the present action, the trustee's failure to file the action as a compulsory counterclaim was not the result of oversight and did not merit permission from the court to file the suit.

We find the cases cited by the trustee in his brief before the Court to be persuasive that this action was erroneously dismissed. In *Matter of Roloff,* 598 F.2d 783 (3rd Cir.1979), the Court of Appeals held that even though the Bankruptcy Rules adopted in 1973 required the filing of a complaint to lift a stay, the complaint was not a "claim" which would entitle debtors to bring counterclaims.[1] We are not concerned, as was the *Roloff* court, with the jurisdiction of the bankruptcy court to hear the matters complained of in the trustee's complaint, but with the question whether a § 362 complaint to lift the stay is the kind of action which would invoke the compulsory counterclaim requirements of Rule 7013.

In *Matter of Essex Properties, Ltd,* 430 F.Supp. 1112, 1114 (N.D.Cal.1977), also cited in appellant's brief, the district court held that a complaint to lift a stay does not constitute a "claim" within the meaning of Fed.R.Civ.P. 13, and that in fact a counterclaim is not properly asserted to a complaint to vacate the stay. *Compare In re Lindsay,* 29 B.R. 25 (D.Or.1983) (Bankruptcy Rule 713 invoked to require preference action as compulsory counterclaim to state court action removed to federal court).

---

1. As the bankruptcy court's memorandum in the present action stated, § 362 proceedings are now carried out by motion practice under Bankruptcy Rules 4001 and 9014. Memorandum Opinion of United States Bankruptcy Court, Western District of Ky., dated May 21, 1984, at page 3.

While the issues in the § 362 complaint and the § 547 preference suit are sufficiently similar that a counterclaim ordinarily would be appropriate, the nature of the § 362 complaint precludes the ordinary application of the rule. Therefore, the bankruptcy court erred in its dismissal of the action.

The bankruptcy court's opinion of May 21, 1984 will be reversed and an appropriate order has been entered this 21st day of January, 1986.