GEE, Circuit Judge:
 

 The issue in this debtor’s bankruptcy appeal is whether an agreed order lifting a stay and abandoning certain assets of the debtor to a creditor, entered in a “contested proceeding,” is res judicata of various tort claims against that creditor for bad faith acceleration of a note, wrongful foreclosure and the like and, if not, whether these were compulsory counterclaims to the creditor’s motion to lift the stay. Concluding that neither is the case, we reverse.
 

 Facts and Prior Proceedings
 

 Plaintiffs-appellants, related corporations in the security equipment business, owed Commercial State Bank almost one million dollars when Commercial decided to call the loans and foreclose on the collateral. D-l filed Chapter 11 proceedings to stave off Commercial. After about six months— several minor bankruptcy orders and one aborted attempt to sell all the assets of D-l to a third party having ensued — the bankruptcy court accepted an agreed order lifting the stay and “abandoning” most of D-l’s assets to Commercial. A few months later, D-l received permission from the bankruptcy court to hire outside counsel to pursue potential lender-liability claims against Commercial. Later still, D-l filed this adversary proceeding within the continuing bankruptcy case. Because of an overcrowded bankruptcy docket, the parties petitioned the district court to withdraw the reference and to try the case itself. The district did so, then ruled in response to Commercial’s motion to dismiss that the D-l claims were barred by
 
 “res judicata”
 
 because they should have been raised earlier in the course of the bankruptcy. D-l appeals.
 

 Are the Debtor’s Claims Barred?
 

 Southmark Properties:
 

 The creditor relies principally upon our decision in
 
 Southmark Properties v. Charles House Corp.,
 
 742 F.2d 862 (5th Cir.1984) (Garwood, J.). In that case, a Chapter X debtor had agreed to a sale of mortgaged property at a reorganization trustee’s sale and to allow its main creditor to bid the amount of its debt. The creditor’s state court-foreclosure suit had previously been enjoined in the Chapter X proceedings. The creditor agreed to dismiss various pending state court actions against the debtor and to abandon its challenge to the Chapter X proceedings. The sale was a public cash auction open to any interested
 
 *825
 
 buyer and the district court’s order of sale provided that the property “shall be sold free and clear of all ... claims” and that the creditor be allowed to bid the amount of its debt. At the sale, the creditor did so, and thus acquired the property. Shortly thereafter the district court entered an order confirming the sale. Because the property was the debtor’s only asset, the reorganization petition was
 
 later
 
 dismissed on motion of the trustee. “No appeals were taken from the order directing the sale, or that confirming it, or the 1978 order dismissing the reorganization.”
 
 Southmark Properties,
 
 742 F.2d at 867.
 

 More than three years later, the former debtor and its principals brought suit in state court against the former creditor alleging that the former creditor had violated various provisions of the loan agreement, had engaged in fraudulent and extortionate behavior, and had breached its duty under Louisiana law to perform the contract “in good faith.” The former creditor filed a suit in federal court seeking declaratory and injunctive relief from the state court action. The district court granted the injunction and the former debtor appealed.
 

 On appeal, our panel first held that the federal court had ancillary jurisdiction over the case to “protect or effectuate” the earlier judgment of the bankruptcy court.
 
 See
 
 28 U.S.C. § 2283 (Anti-Injunction Act). The Court went on to consider the merits of the
 
 res judicata
 
 claim, holding that the suit was barred because the former debtor had had a full and fair opportunity to litigate the lender-liability claims in the bankruptcy proceeding. The district court’s injunction was affirmed.
 

 The Meaning of Southmark Properties
 

 The district court held that the facts of
 
 Southmark Properties,
 
 “[wjhile not completely analogous, ... are sufficiently similar to those of the case at bar” to warrant dismissal of the debtor’s adversary proceeding. We are unable to agree, for there are critical distinctions between the two cases:
 
 Southmark Properties
 
 involved a subsequent lawsuit filed long after the termination of the entire bankruptcy case by a final judgment; this suit is a subsequent proceeding within the same eases. First, although the
 
 Southmark Properties
 
 panel emphasized the close relation between, on the one hand, the sale of the former debt- or’s property with cancellation of the mortgage and the release of all claims and, on the other, the lender-liability action based on the loan and mortgage, the panel did not hold that the sale itself barred all subsequent claims by the debtor even in the same bankruptcy case. The focus on the link between the sale and the lender-liability claims was to show that the same facts and circumstances were at stake in both instances and that the lender-liability claims were thus part of the same “transaction” for purposes of the “same claim or cause of action” component of
 
 res judicata
 
 analysis. To be sure, the panel made no special point of the time at which the claims disappeared. Even so, the opinion makes plain that the end of the reorganization is the critical point. The court stated, for example, that the debtor’s “challenge to Southmark’s [the creditor’s] right thus to take ownership of the property was extinguished by the prior reorganization ac-tion_”
 
 Id.
 
 at 871 (emphasis added).
 

 Because appellants’ [former debtors] present claim and the prior judgment involved the principal transaction, appellants’ claims are barred by
 
 res judicata,
 
 if the procedural system available to the appellants in the reorganization proceedings permitted appellants to raise that claim in those proceedings. Appellants do not assert that they lacked such an opportunity, and they clearly did not. Appellants had an “absolute and unlimited” right to be heard in the reorganization proceedings.
 

 Id.
 
 (emphasis added; citations omitted).
 

 Further, in
 
 Southmark,
 
 the sale was a court-ordered public cash auction, and the orders of sale and of confirmation, by allowing the secured creditor to bid in the full amount of its claimed debt, necessarily determined not only that the amount so bid was actually owing, but also that the maturity of the debt had been validly accelerated. These determinations were both in
 
 *826
 
 consistent with the crux of the debtor’s later action. 742 F.2d at 869. And insofar as the later action claimed that the creditor “improperly assumed ownership of ... [the property] by way of the [reorganization] trustee’s sale,” it was likewise inconsistent with the sale and confirmation orders. Id. Here, the context is quite different. The abandonment order, which does not contemplate a public cash auction, does not necessarily determine the precise amount of the debt or that it was validly accelerated, and the subsequent adversary proceeding does not in substance challenge the creditor’s acquisition of title.
 

 Therefore, we find ourselves unable to approve the reasoning of the district court;
 
 Southmark Properties
 
 is not controlling.
 
 [1]
 

 Compulsory Counterclaims in Bankruptcy
 

 Bankruptcy is a unique form of litigation in that each ease comprises a series of more or less self-contained episodes that resolve particular disputes at particular times. There are two basic forms of adversary process within a bankruptcy case: “contested matters” and “adversary proceedings.” Counterclaims are compulsory only in “adversary proceedings,” but not in the quick motion-and-hearing style “contested matters.” We conclude that not one of the three orders entered by the bankruptcy court in this case required that any counterclaims be asserted. Two of the orders were sought by the debtor D-l, and it would be unimaginable to require the debt- or to raise such issues in its own motions on other matters. The only arguable order is the order lifting the stay, the key to the case.
 

 Appellee Commercial quite properly finds little to dispute in the above propositions, including the view that ordinarily no counterclaims need be asserted against a motion to lift the stay; but it maintains that on the “unique facts” debtor’s “abandonment” of its property to Commercial under 11 U.S.C. § 554 was a final adjudication on the merits, so that the doctrine of
 
 res judi-cata
 
 comes into play.
 

 We cannot agree. It would be odd indeed if a claim that was not required as a compulsory counterclaim by the Bankruptcy Rules was nonetheless barred by
 
 res judicata
 
 within the same ease. Many of the statutes and rules allow more leeway for the debtor-in-possession or trustee in a bankruptcy proceeding to be excused from failure to develop the case as rapidly as possible in order to promote the basic policy of marshalling all the assets for the benefit of creditors. For example, even the compulsory counterclaim rules found in Bankruptcy Rule 7013 include a liberal “escape clause”:
 

 A trustee or debtor-in-possession who fails to plead a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, may by leave of court amend the pleading, or commence a new adversary proceeding in a separate action.
 

 Bankruptcy Rule § 7013. .If the “compulsory” counterclaim rule is this generous to the trustee or debtor, it would be odd indeed for us to hold that the debtor must assert all related claims in a “contested matter” — such as a motion to lift the stay —to which the compulsory counterclaim rules do not even apply. That would lay a heavier burden on the debtor to respond with related claims in some unspecified “contested matters” than in “adversary proceedings,” an exact inversion of the apparent wishes of Congress.
 

 The only case on point (although decided under the prior Rules) is
 
 In re Torco Equipment Co.,
 
 65 B.R. 353 (W.D.Ky.1986), aff
 
 'g and rev’g,
 
 39 B.R. 216 (Bankr.W.D.Ky.1984). The debtor in that case brought an adversary action seeking to set aside an allegedly preferential transfer against a creditor. More than two years earlier and not long after the bankruptcy was filed, the same creditor had succeeded
 
 *827
 
 in having the stay lifted and had foreclosed upon certain collateral. The bankruptcy court held that
 
 res judicata
 
 did not bar the preference action, but that the compulsory counterclaim rules did, and that it would not grant leave to amend since the debtor’s lawyer had made complaints about the preference problem years before but done nothing about it until then. On appeal, the district court agreed as to
 
 res judicata
 
 but reversed on the counterclaim issue. The court held that the debtor was not required to bring its preference claims in response to the motion to lift the stay and that the preference claims could be independently pursued even two years later.
 

 Conclusion
 

 Thus we conclude that, as a general rule, neither the notion of
 
 res judicata
 
 nor that of compulsory counterclaim has application to mere “contested matters” in bankruptcy. Only such matters were presented here.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The notion of
 
 res judicata
 
 is a very clumsy way of dealing with the problem of finality within a particular bankruptcy proceeding, one that gives the debtor-in-possession or trustee no real sense of precisely by when a claim must be asserted or lost. The Bankruptcy Rules, which have incorporated from the Civil Rules the notion of a “compulsory counterclaim,” seem a more advisable way of determining when a claim must be asserted.