### In re VIRTUAL NETWORK SERVICES CORPORATION, Debtor.

### VIRTUAL NETWORK SERVICES CORPORATION, Plaintiff,

v.

### BROOK FURNITURE, et al., Defendants.

**Bankruptcy Nos. 86 B 14849, 87 A 1111.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 17, 1989.

See also, Bkrtcy., 92 B.R. 784, D.C., 98 B.R. 343.

---

$$Z = f(x,y) \text{ such that } \frac{dz}{dx} > 0 \text{ and } \frac{dz}{dy} < 0.$$

Towbin & Zazove, Chicago, Ill., for plaintiff.

Richard Franklin, Baker & Mckenzie, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before this Court on cross-motions for summary judgment brought by Equitable Life Leasing Corporation ("Equitable") and Heller Financial, Inc. ("Heller"), two of the defendants herein, and Virtual Network Services, Corporation ("VNS"), the debtor in this case and the plaintiff in this adversary proceeding. This Court grants the Motion for Summary Judgment of Equitable and Heller and denies VNS's Motion for Summary Judgment.

## BACKGROUND

Rule 52(a) of the Federal Rules of Civil Procedure, Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56 do not require this Court to make findings of fact and conclusions of law in deciding this motion for summary judgment. This Court will therefore set forth in its opinion only those facts as are necessary to its decision. Those facts will be set forth primarily in this introductory section, to be supplemented as needed throughout this opinion.

This action was brought by VNS against Equitable and Heller to recover allegedly preferential lease payments, in the amount of $71,635.90 made to Equitable and in the amount of $130,769.86 made to Heller. These payments were made in connection with two equipment leases, one with Equitable as lessor and the other with Heller as lessor, and both with VNS as lessee.

Equitable's and Heller's defenses are based primarily on a settlement agreement they reached with VNS. VNS brought a motion to assume and assign the leases as executory contracts during the course of this bankruptcy. In that motion, VNS sought to assign the Equitable and Heller leases to Phoenix Telecommunications Corporation ("Phoenix"). Equitable and Heller opposed the assignment.

By order dated February 5, 1987, this Court, per Frederick J. Hertz, Judge, approved a settlement between the parties. The terms of the settlement, embodied in one order, provided for VNS's assumption of the leases, and their assignment to Phoenix on VNS's payment of $170,254.18 in full satisfaction of Equitable's and Heller's claims against VNS under the leases. Equitable and Heller released VNS from all claims in connection with the leases. The settlement order contained no release by VNS nor language reserving any causes of action.

Based upon that settlement, Equitable and Heller assert a number of grounds for barring VNS's action herein. This Court holds that the *res judicata* grounds are dispositive and will not deal with the other grounds at any length.

## RES JUDICATA

Equitable and Heller assert that VNS's preference action against them is barred under the doctrine of *res judicata*, because it should have been asserted in the context of the lease assumption and assignment. Since it was not asserted there, it is barred.

Equitable and Heller place primary reliance on the latest pronouncement of the Seventh Circuit on the issue of the application of *res judicata* in bankruptcy proceedings, *Matter of Energy Co–Op, Inc.*, 814 F.2d 1226 (7th Cir.1987) ("*ECI*"). In *ECI*, the debtor, an oil cooperative, had entered into oil exchange agreements with various parties. In an effort to encourage settlement of the debtor's disputes with its exchange partners under those agreements, the bankruptcy court authorized the debtor, *inter alia*, to "compromise any disputed amounts or obligations owing under the Exchange Agreements". At the same time, the order reserved the debtor's rights

to bring avoidance power actions against those exchange partners.

The debtor was unable to settle with one of its exchange partners, Phillips Petroleum Company ("Phillips") and brought an adversary proceeding in bankruptcy court to recover the account balance. That action was settled by ECI agreeing to take payment in kind and allowing Phillips to set-off its claim for $1.5 million in obligations under their exchange agreement. The settlement order dismissed the debtor's claims "with prejudice" and did not reserve debtor's rights to pursue any avoidance claims against Phillips. Shortly thereafter, debtor filed a preference action against Phillips which Phillips contended was barred by *res judicata*.

The Seventh Circuit agreed with Phillips and affirmed the district court's dismissal of the preference action. It applied the three elements of the *res judicata* doctrine, to wit: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." 814 F.2d at 1230. It further stated that the second element, the identity of the causes of action, would be determined based upon the federal standard which looks only to whether the action to be barred arose from the same "operative facts" or the "same transaction" as the prior action. The Seventh Circuit refused to apply the more restrictive "same evidence" test argued for by the debtor, under which the two causes of action are treated as identical only if they are supported by the same evidence.

A straightforward application of this three-part *res judicata* test clearly leads to a finding in favor of Equitable and Heller. The parties are certainly the same in both the lease assumption and assignment controversy as in the instant preference action. The involvement of additional parties, such as the assignee, Phoenix and another party (denominated DSC in the settlement order) does not detract from the fact that Equitable and Heller were both involved as adverse parties to VNS.

The next element requires that the same operative facts be involved in both actions.

Here, the Equitable and Heller leases and VNS's payments thereunder are at the core of both the lease assumption controversy and the instant preference action. It is true that there is no set-off asserted by Equitable and Heller similar to the set-off asserted by Phillips in *ECI*, considered by the Seventh Circuit to provide a link between the two actions. 814 F.2d at 1231. Here, however, Equitable's and Heller's claims under Section 365(b)(1)(A), for cure or adequate assurance of cure of default as a condition to assumption, and therefore assignment of the leases, provides a similar link between the lease assumption and the preference claim. If VNS could recover its pre-petition payments under a preference theory, that would put it right back in default under the leases, precluding their assumption under Section 365(b)(1)(A). In that way, a preference recovery herein would directly contradict the February 7, 1987, settlement order. Thus, the two matters are inextricably linked, which demonstrates that they arise from the same operative facts, in satisfaction of the second element of the *res judicata* test.

The third and final element requires a final judgment on the merits. The February 5, 1987, settlement order clearly was a final disposition of the lease assumption matter. It was intended to dispose of that matter on the merits. The finality element is as present there as in any contested matter. This Court, therefore, holds that all three elements necessary for the application of *res judicata* are present in this case. VNS's preference action is thus barred by reason of the February 5, 1987, settlement order in the Section 365 lease assumption matter.

VNS interposes essentially two arguments against applying *res judicata* to bar its preference claim. The first argument addresses the *ECI* opinion. It points out that the settlement in that case contained the "with prejudice" language whereas the February 5, 1987 settlement order did not. Thus, argues VNS, the February 5, 1987 settlement order was not intended to preclude VNS from bringing subsequent avoidance actions.

VNS is correct that the *ECI* opinion dealt at length with the significance of the "with

prejudice" language and considered its presence crucial. VNS misapprehends, however, the reason why it was crucial. The *ECI* opinion makes it clear that the "with prejudice" language was needed to overcome the reservation of rights provision contained in the order authorizing the debtor to settle its disputes. Without that reservation language in the authorization, the "with prejudice" language in the settlement would not have been necessary. Here, VNS has never expressly reserved its right to bring avoidance actions against Equitable and Heller. As a result, the February 5, 1987 settlement order bars the subsequent avoidance action by application of *res judicata*, without the need for any "with prejudice" language. It does so because it finally adjudicated a matter between VNS, on the one hand, and Equitable and Heller, on the other hand, which involved the same operative facts as the subsequent avoidance action.

VNS raised its second argument by letter dated January 23, 1989, to which Equitable and Heller responded by letter dated January 25, 1989. In that letter, VNS cited *D-1 Enterprises, Inc. v. Commercial State Bank*, 852 F.2d 823 (5th Cir.1988) ("D-1"), for the proposition that *res judicata* would not be applied based upon an order entered in a contested matter. In *D-1*, the debtor brought a lender liability action against a secured creditor. The creditor asserted the *res judicata* defense based on a prior agreed order lifting the stay.

In their letter, Equitable and Heller, in turn, argued that the facts in this case were more akin to *Southmark Properties v. Charles House Corp.*, 742 F.2d 862 (5th Cir.1984) ("Southmark"), cited and distinguished in the *D-1* opinion.

This Court notes that the Fifth circuit withdrew its earlier opinion in *D-1*, substituting a new opinion, *D-1 Enterprises, Inc. v. Commercial State Bank*, 864 F.2d 36 (5th Cir.1989). Initially, it should be noted that the Court in *D-1* found that the issues in the later claim were not "necessarily determined" by the prior automatic stay proceedings. The court went further, and in its substitute opinion grounded its denial

of *res judicata* effect to the earlier order, entered in automatic stay litigation, upon the summary nature of automatic stay proceedings. See Bankruptcy Code Section 362(e) (11 U.S.C., Section 362(e)); Bankruptcy Rule 4001(a)(2). This summary nature limits the extent to which debtor claims against the creditor will be entertained as part of the automatic stay litigation. *See* H.Rep. No. 95–595, 95th Cong. 1st Sess. 344 (1977), U.S.Code Cong. & Admin.News 1973, pp. 5787, 6300–6301; *accord, Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1074 (5th Cir. 1986). It is therefore not fair to bar the debtor from raising claims against the creditor at a later date. This reasoning applies specifically to automatic stay litigation, not generally to contested matters. It would not apply in this case, where the earlier proceeding involved the assumption and assignment of leases, not the automatic stay, with full opportunity to assert and defend with all claims and counterclaims. The prior settlement in our case "necessarily determined" the prior default and cure requirements based on payment history. The instant action seeks to now rewrite that history after the book has been closed.

This Court agrees with Equitable and Heller that the facts of this case more closely resemble those in *Southmark*, where the contested matter necessarily determined debtor's indebtedness to the creditor, thus barring the subsequent action, than they do those in *D-1* where no such determination was made. Here, as in *Southmark*, the lease assumption order settled the claims inter se without reservation. This Court is persuaded that in an appropriate case, *res judicata* may arise from a contested matter proceeding. The *D-1* case, as previously pointed out, is clearly distinguishable. Additionally, the Third Circuit in *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir.1988) ("Oneida"), disagreed with the Fifth Circuit holding of *D-1*. Furthermore, a recent case out of this district has applied *res judicata* based on a contested matter order. *La Preferida, Inc. v. Modelo*, 1989 U.S. Dist. Lexis 916 (N.D.Ill.E.D., January 26, 1989) [1989 WL 8632] (denial of

proof of claim or, alternatively, plan confirmation was *res judicata* with respect to rights of debtor under a distribution agreement).

VNS also makes the policy argument that a debtor-in-possession should not be rushed into taking a position on possible preference claims at an early stage of the case before it has had an opportunity to make a thorough preference analysis. A debtor-in-possession does not have to crystallize its position in order to preserve its rights to bring future preference claims. It need merely insert a paragraph in any settlement agreement clearly making reference to the possible existence of such claims and its reservation of rights to bring them in the future. If that adversely affects its negotiating position regarding the settlement, so be it. A debtor-in-possession cannot excuse its failure of candor based upon speculative advantages in the give-and-take of settlement negotiations. *See, Oneida,* 848 F.2d at 417–18.

Accordingly, Equitable's and Heller's Motion for Summary Judgment is granted and VNS's Motion for Summary Judgment is denied.