**In re GREATER SOUTHEAST COMMUNITY HOSPITAL CORP. I, et al., Debtors.**

**Sam J. Alberts, Trustee for the DCHC Liquidating Trust, Plaintiff,**

v.

**Humana Health Plan, Inc., Defendant.**

**Bankruptcy No. 02–02250.
Adversary No. 04–10093.**

United States Bankruptcy Court,
District of Columbia.

July 11, 2005.

---

Ted A. Berkowitz, Farrell Fritz, PC, Uniondale, NY, Joseph Damato, Seyfarth Shaw, David Fisher, Assistant Attorney General, Peter D. Isakoff, Cleveland Lawrence, III, Holly E. Loiseau, Jeffrey W. Kilduff, O'Melveny & Myers LLP, Washington, DC, Christopher R. Mirick, Weil, Gotshal & Manges, LLP, Boston, MA, Deryck A. Palmer, New York City, Andrew M. Troop, Weil, Gotshal & Manges LLP, Boston, MA, for debtors.

### DECISION RE EFFECT OF ASSUMPTION OF EXECUTORY CONTRACT ON PLAINTIFF'S CLAIMS

S. MARTIN TEEL, JR., Bankruptcy Judge.

The confirmed plan in this case conferred on the reorganized debtors the assumption power of a trustee under the Bankruptcy Code, and conferred on a liquidating trust the avoidance powers available to a trustee under the Bankruptcy Code. This decision holds that the reorganized debtors' assumption of executory contracts bars the liquidating trust's pursuit of avoidance actions regarding payments made under those executory contracts.

I

The plaintiff, Sam J. Alberts, is Trustee for the DCHC Liquidating Trust established by the debtors' confirmed plan in the jointly administered bankruptcy cases in which this adversary proceeding was brought.[1] With exceptions of no relevance here, the confirmed plan authorized Alberts to pursue avoidance and recovery actions under chapter 5 of the Bankruptcy Code (11 U.S.C.) that the debtors, as debtors in possession, could have pursued. Those avoidance and recovery powers are exercisable by a trustee appointed in a chapter 11 case. 11 U.S.C. §§ 323 and 1106(a)(1). In turn, 11 U.S.C. § 1107(a), with exceptions of no relevance here, vests a debtor in possession with the rights and powers of a trustee, but subject to the same limitations that would apply to a trustee.

Pursuant to 11 U.S.C. §§ 544, 547, 548, 549, and 550, Alberts seeks to avoid and recover $607,936.23 in payments made to the defendant, Humana Health Plan, Inc.[2] Humana contends that the contracts under which these payments were made were executory contracts, a contention Alberts has not yet conceded is accurate. However, for purposes of the declaratory judgment issue this decision addresses, the

1. The court confirmed the debtors' Second Amended Joint Chapter 11 Plan of Reorganization ("the plan") with modifications set forth in the confirmation order, and as thus modified the plan is referred to herein as the "confirmed plan."

2. In *Alberts v. Humana Insurance Company*, Adversary Proceeding No. 04–10131, which has been consolidated with this adversary proceeding, Alberts seeks similar relief regarding $65,5764.08 in payments made to the defendant Humana Insurance Company. This decision applies to both adversary proceedings. For ease of discussion, the court will refer to the two defendants as simply "Humana" and treat them as though they were one and the same.

court will assume (without deciding) that the contracts are executory contracts.

In addition to avoidance powers, a trustee (and hence a debtor in possession) has a power to assume executory contracts under 11 U.S.C. § 365(b)(1). In confirming the plan, the court approved a recapitalization proposal calling for the reorganized debtors to operate most of the businesses the debtors had operated (instead of approving any of the competing proposals calling for different entities to operate the businesses). The confirmed plan set forth provisions regarding the assumption and rejection by the reorganized debtors of the estate's executory contracts. Humana argues that under the confirmed plan, the executory contracts pursuant to which the payments at issue here were made have been deemed assumed, and that under *In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir.1996), no avoidance claim can now be brought because exercise of a bankruptcy trustee's assumption power as to an executory contract precludes exercise of avoidance powers regarding payments that were made under the contract.

However, the confirmed plan under which the contracts were deemed assumed made the assumption of the contracts a conditional assumption. Although the executory contracts were deemed assumed, the plan provided a mechanism by which the reorganized debtors could escape such assumption if the cure amounts required to be paid by virtue of the deemed acceptance proved unacceptable. The plan as originally proposed contained a provision pursuant to which Humana's executory contracts were deemed assumed, but subject to the right of the recapitalization proponents to decline to assume the contracts if the cure amounts required were unacceptable.[3] The plan also set forth deadlines for curing defaults under any assumed executory contract.[4] The order

---

**3.** Section 8.1(b) of the plan, prior to being modified by the confirmation order, provided in relevant part:

> The proponents of the Recapitalization Proposal shall identify by sixteen (16) days prior to the Confirmation Hearing those executory contracts ... they do not wish to be assumed and retained for the benefit of the Reorganized Debtors, and the identity of such executory contracts ... shall be included in the Plan Supplement.... Any executory contract ... not so identified [which included Humana's executory contracts which were not so identified] **will be deemed assumed and retained by the appropriate Reorganized Debtor(s) .... Notwithstanding the foregoing, the proponents of the Recapitalization Proposal ... shall retain the right to decline to assume any executory contract ... for which the cure amount is not fixed in an amount acceptable to the proponents,** either by agreement or a determination of the Bankruptcy Court. The Debtors understand that the proponents of the Recapitalization Proposal intend to assume provider agreements with Medicare, Medicaid and any similar state or federal programs and to assume third-party payor agreements. [Emphasis added.]

**4.** Section 8.2 of the plan provided in relevant part:

> The Reorganized Debtors ... shall pay within the later of (i) 90 days after the Effective Date and (ii) the date of entry of a final Order resolving any disputed cure amount, any costs to cure defaults on executory contracts ... to be assumed in accordance with Section 8.1(b) above....

The confirmation order at page 6, paragraph 2(i)(ii), amended § 8.3 of the plan to add language regarding the submission of claims for cure amounts (and reiterating the retained right to decline to assume). That language stated:

> If a party to an executory contract ... does not receive within 60 days after the Effective Date a notice that such executory contract ... has been rejected by a Debtor, the executory contract ... shall be deemed assumed by the Reorganized Debtors as of the Effective Date (subject, however, to the provisions of § 8.1(b) of the Plan regarding the Reorganized Debtors' right to decline to

confirming the plan slightly modified the plan by making the Humana executory contracts deemed assumed by the reorganized debtors *as of the effective date of the plan,*[5] and by providing that the *reorganized debtors* (and not only the recapitalization proponents) could decline to assume the executory contracts if the cure amounts were unacceptable, with the executory contract to be "deemed rejected" upon the reorganized debtors so declining to assume.[6] Accordingly, upon entry of the order confirming the plan, each of Humana's executory contracts became deemed assumed as of the effective date but subject to the retained right of rejection if the recapitalization proponents, or the reorganized debtors they were back-

ing, found the required cure amount unacceptable.[7]

The reorganized debtors have not yet agreed with Humana to acceptable cure amounts. At this juncture, therefore, the proceeding is in a no-man's land where the executory contracts are neither definitively assumed nor definitively rejected.

Eventually there will be a resolution of whether the reorganized debtors will keep the deemed assumption of the executory contracts in place or will back out of the assumption of the executory contracts by declaring the cure amounts unacceptable. However, their decision will turn in part on whether Alberts can avoid and recover the payments at issue if the executory contracts remain assumed. Such pay-

---

assume) and the party shall have 120 days from the Effective Date to file with the Bankruptcy Court and serve upon the Reorganized Debtors and the Liquidating Trustee for any cure amount such party alleges is owed under such executory contract .... The confirmation order repeated this, with slight wording differences of no relevance, at pages 35–36, paragraph 30.

**5.** In pertinent part, the order provided at page 10:

> 5. *Assumption and Rejection.* Notwithstanding Section 8(a) [*sic*] of the Plan, on the Effective Date, any executory contracts ... not previously rejected, or assumed in accordance with the Recapitalization Proposal, shall be deemed assumed by the Reorganized Debtors as of the Effective Date, subject to the remainder of this paragraph 5 of the Order. Any executory contract ... identified in the Plan Supplement as being "not assumed" will be deemed rejected as of the Effective Date; any other executory contract ... will be deemed assumed and retained by the appropriate Reorganized Debtor(s) or other entit(ies). Notwithstanding the foregoing, (a) the proponents of the Recapitalization Proposal shall retain the right to decline to assume any executory contract ... for which the cure amount is not fixed in an amount acceptable to the proponents, either by agreement or a determination by the Bankruptcy Court ....

The reference to "other entit(ies)" was directed to entities taking over the debtors' businesses under any proposal other than the Recapitalization Proposal approved by the court as is made evident by the reference in § 8.2 of the plan to "[t]he Reorganized Debtors or the applicable entit(ies) pursuant to an Alternative Court–Approved Proposal" being required to pay cure amounts.

**6.** The confirmation order at pages 11–12, paragraph 6, allowed the Reorganized Debtors and the counterparty to any executory contract to agree on a specific mechanism for resolving disputes of cure amounts, and set forth a procedure for fixing cure amounts in the absence of such agreement. It further provided:

> Notwithstanding the foregoing, the Reorganized Debtors shall retain the right to decline to assume any executory contract ... for which the cure cost is not fixed in an amount acceptable to the Reorganized Debtors either by agreement or determination by the Bankruptcy Court, and upon so declining to assume, the executory contract ... shall be deemed rejected.

**7.** For ease of discussion, the balance of this decision will treat the retained right of rejection as belonging to the reorganized debtors, as the analysis is unaffected by the plan's conferring the same retained right of rejection on the recapitalization proponents.

ments recovered by Alberts would give rise to a default in payment of those amounts under the executory contracts. That would in turn give rise to an additional amount owed as an administrative claim and required to be paid by the reorganized debtors to cure defaults incident to the assumption of the executory contracts.

The parties thus have agreed that Alberts' complaint should be treated as amended to request a declaratory judgment regarding Alberts' claim that if the contracts were executory contracts and if the reorganized debtors forego their retained right to back out of the "deemed assumption" of the executory contracts, such that they are definitively assumed under the terms of the confirmed plan, then his avoidance claims regarding payments that were made under the executory contracts may nevertheless be pursued. The court will enter a declaratory judgment against Alberts on that claim.

## II

■ Alberts argues that nothing in the Bankruptcy Code bars his avoidance and recovery of payments made pursuant to an executory contract assumed by a reorganized debtor:

> Neither section 547 nor section 365 of the Bankruptcy Code makes any reference to each other, or more specifically, that assumption under section 365 of the Bankruptcy Code provides a defense to an action prosecuted under section 547 of the Bankruptcy Code.

Alberts' Opposition to Motion to Dismiss at 8 [footnote omitted]. However, the op-

eration of these statutes makes clear that they are mutually exclusive remedies. *Superior Toy,* 78 F.3d at 1174 ("Section 547 and § 365 are mutually exclusive avenues for a trustee."). Once a trustee (or a debtor-in-possession exercising the powers of a trustee) obtains an order assuming an executory contract, the trustee's avoidance powers may not be brought to bear.

■ This follows because assumption of an executory contract carries with it all of the benefits and burdens of the contract. *NLRB v. Bildisco and Bildisco,* 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), *citing In re Italian Cook Oil Corp.,* 190 F.2d 994, 996 (3d Cir.1951). Under § 365(b)(1), a debtor is required to cure all defaults (or give adequate assurance that the trustee will promptly cure such defaults) as a condition to assuming the contract. Treating payments made under such an assumed contract as subject to a trustee's avoidance powers would be inconsistent with having accepted the burdens of the assumed contract, and the obligation fully to perform under the contract. Because a trustee's assumption of an executory contract gives the other party to the contract the right to the full benefit of his bargain, pursuit of avoidance actions to recover payments that were made in compliance with that bargain would plainly be at odds with the assumption order. *Superior Toy,* 78 F.3d at 1174 ("Congress passed § 365 to insure that a contracting party is made whole before a court can force the party to continue performing with a bankrupt debtor. Permitting a preference suit after an assumption order would undermine that purpose.").[8] That

8. *See also Kimmelman v. Port Authority of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.),* 344 F.3d 311, 319 (3d Cir.2003) ("the trustee's preference actions against each of the defendants was precluded, as a matter of law, by the debtor's earlier assumption of its agreements with them"); *Alvarado v. Walsh* *(In re LCO Enters.),* 12 F.3d 938, 943 (9th Cir.1993) ("The Trustee seeks to avoid payments that it was obligated to make pursuant to the court-approved assumption of the lease through confirmation of the plan. The Trustee cannot use § 547(b) to circumvent the requirements of § 365(b)."); *Seidle v. GATX*

the Bankruptcy Code does not expressly state this proposition is of no consequence. The power to avoid payments that were made under an executory contract and the power to assume the executory contract are plainly mutually exclusive remedies without the necessity of such an express statement.

## III

■ Alberts seeks to distinguish *Superior Toy* and similar decisions by arguing that the Trust he is administering did not assume any of the executory contracts at issue and thus has no cure obligations which would inherently conflict with his avoiding and recovering payments made prior to assumption. Alberts' rights, however, are derived from the powers a trustee under chapter 11 of the Bankruptcy Code would have had and can rise no higher. Because a trustee would be barred by the assumption of the executory contracts from pursuing avoidance actions regarding payments that were made under those same contracts, Alberts' avoidance claims will be barred by assumption as well. The assumption here—pursuant to the assumption powers of a trustee under § 365—is being achieved by way of a confirmed plan that is binding on all creditors and on Alberts as trustee of the liquidating trust established under the plan for their benefit. 11 U.S.C. § 1141(a). Once the debtors in possession exercised the trustee power of assumption by obtaining a confirmed plan providing for deemed assumption, the debtors in possession relinquished any right to have avoidance powers brought to bear regarding the payments made under those contracts.[9] Alberts succeeded only to whatever avoidance powers the debtors in possession had, and to the extent those powers were relinquished, he cannot bring those powers to bear.

Although the plan's mechanism provided for the deemed assumed executory contracts to be definitively assumed based on future decisions of the reorganized debtors regarding the acceptability of cure amounts required for assumption, that does not alter the assumption as having been incident to the power to assume executory contracts that a trustee in a chapter 11 case could have exercised. Once any definitive assumption is viewed (which it properly must be) as flowing from an exercise of that power of a trustee, the rationale of *Superior Toy* and similar decisions apply: a trustee's assumption power and his avoidance powers are mutually exclusive avenues.

*Leasing Corp.,* 778 F.2d 659, 664 (11th Cir. 1985) (order under 11 U.S.C. § 1110 which requires trustee to meet all previous contractual obligations to mortgagee in order to retain possession of airplane—a provision similar to § 365(b)(1)—bars § 547 claims against mortgagee because their pursuit "would undermine the protection that section 1110 provides for creditors"); *Philip Servs. Corp. v. Luntz (In re Philip Servs. (Delaware), Inc.),* 284 B.R. 541, 553 (Bankr.D.Del.2002), *aff'd,* 303 B.R. 574 (D.Del.2003); *MMR Holding Corp. v. C & C Consultants, Inc. (In re MMR Holding Corp.),* 203 B.R. 605, 613 (Bankr. M.D.La.1996) ("[T]he act of assumption precludes the application of § 547(b)(5), as this provision requires the hypothetical undoing of a prepetition transfer which has been ordered 'done' (and thereby not subject to undoing,

either hypothetically or in reality) by means of the court's order of assumption."); *Virtual Network Servs. Corp. v. Brook Furniture (In re Virtual Network Servs. Corp.),* 97 B.R. 433 (Bankr.N.D.Ill.1989) ("If VNS could recover its pre-petition payments under a preference theory, that would put it right back in default under the leases, precluding their assumption under Section 365(b)(1)(A).").

9. That would not remain true if the reorganized debtors were to elect to back out of such deemed assumption based on the cure amounts being unacceptable, but the court is declaring the parties' rights that will exist if the reorganized debtors forego backing out of the deemed assumption.

That the reorganized debtors, on the one hand, are effectively exercising the trustee's assumption power (by allowing the "deemed assumption" the debtors in possession obtained under the confirmed plan to remain in place) and that Alberts, on the other hand, is attempting to exercise the trustee's avoidance powers does not alter the outcome. Alberts, as the successor to the trustee's avoidance powers, suffers whatever infirmities arise from exercise of the trustee's assumption power even though the confirmed plan vests the power to keep the "deemed assumed" character of Humana's executory contracts in place in someone other than Alberts, namely, in the reorganized debtors. *See LCO Enterprises*, 12 F.3d at 940 (lease was assumed under confirmed plan and then a trustee was appointed to pursue preferential payments; trustee was bound by the assumption).

## IV

Alberts contends (in an argument made at oral argument) that under 11 U.S.C. § 365(d)(2), "the trustee may assume or reject an executory contract ... at any time before the confirmation of the plan," and that the assumption of these executory contracts did not occur at the time of confirmation for two reasons. First, the executory contracts were deemed assumed only as of the effective date of the plan. Second, the continued effectiveness of that deemed assumption depends on a post-confirmation event, namely, the reorganized debtors' electing not to exercise their retained right to reject the executory contracts if the cure amounts should prove to be unacceptable to them. Accordingly, he argues that the assumption by the reorganized debtors will not be a § 365(b)(1) assumption but instead an assumption by way of contract.

## A.

■ Alberts' argument ignores 11 U.S.C. § 1123(b)(2) under which a plan may "subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract ... of the debtor not previously rejected under such section." By providing that a trustee *may* assume an executory contract prior to confirmation of a plan, § 365(d)(2) does not mandate assumption only that way: assumption may also be made by way of a confirmed plan as provided by § 1123(b)(2). *See* F.R. Bankr.P. 6006(a) (referring to a proceeding to assume "other than as part of a plan"). *Cf.* 11 U.S.C. § 1322(b)(7) (plan in chapter 13 case may provide for assumption of executory contract). As explained in *Stumpf v. McGee (In re O'Connor)*, 258 F.3d 392, 400 (5th Cir.2001):

> In a Chapter 11 case, the trustee may assume or reject an executory contract at any time before plan-confirmation, 11 U.S.C. § 365(d)(2), or, subject to § 365, the plan may provide for the assumption or rejection of any executory contract not previously rejected. 11 U.S.C. § 1123(b)(2). The requisite bankruptcy court approval for assumption or rejection must appear either in an order or as part of the plan-confirmation. 11 U.S.C. § 365(a).

Alberts' interpretation of § 365(d)(2), in contrast, would render § 1123(b)(2) a nullity.

## B.

Moreover, the plan plainly used the term "assumption" in the Bankruptcy Code sense of assumption under 11 U.S.C. § 365(b)(1), as is made evident by the plan's use of the term "cure" which is found in § 365(b)(1). If some contractual form of assumption were intended instead, the plan would have spelled out what that concept entails instead of leaving the con-

sequences of assumption to the Bankruptcy Code.

### C.

■ The confirmed plan states that executory contracts such as Humana's are "deemed assumed" as of the effective date subject to the reorganized debtors' retained right of rejection. That conditional assumption was approved upon confirmation, and was a provision "for the assumption [or] rejection ... of any executory contract" within the meaning of § 1123(b)(2). The Bankruptcy Code permits questions of assumption or rejection under a plan to be determined after confirmation of a plan calling for such postconfirmation determination. *See In re Gunter Hotel Assocs.*, 96 B.R. 696, 699–700 (Bankr.W.D.Tex.1988). *See also TMS Assocs. v. Kroh Bros. Dev. Co. (In re Kroh Bros. Dev. Co.)*, 100 B.R. 480, 486–87 (W.D.Mo.1989).

In *O'Connor*, 258 F.3d at 401, the confirmed plan provided that certain specified executory contracts "are hereby rejected," and provided that other executory contracts "will be assumed." The bankruptcy court had construed the "will be assumed" language as not constituting an assumption of those executory contracts, and the court of appeals deferred to this interpretation of the plan. In contrast, here the plan explicitly deemed the executory contracts at issue assumed (subject to a retained right of rejection if cure amounts proved unacceptable) and set forth provisions for fixing the cure amounts, and deadlines for paying the same. Not only that, the confirmation order expressly approved this conditional assumption of the executory contracts at issue.

Nothing in *O'Connor* disapproves of the holdings in *Gunter Hotel* and *Kroh Brothers*. Were the rule otherwise, the parties to a reorganization case would be deprived of a flexible mechanism whereby confirmation of a plan would not be delayed by the necessity of first clearing up uncertainties regarding whether assumption cure amounts might prove unacceptably high. Under § 1141(a), the order confirming the plan made its terms binding on creditors and on Alberts as trustee of the liquidating trust established for their benefit. That binding effect includes the mechanism the plan established for such "deemed assumed" executory contracts to become permanently assumed or for such "deemed assumption" to be undone. The reorganized debtors are allowed to treat the executory contracts as assumed, meaning assumed under § 365(b)(1), but they may elect to declare the contracts rejected based on unacceptable cure amounts. Creditors (and Alberts who is acting on their behalf as trustee of the trust established for their benefit) cannot now complain if the reorganized debtors elect to treat the contracts as assumed (and not to reject them based on finding the cure amounts unacceptable).

### D.

In *O'Connor*, 258 F.3d at 401, the court of appeals, in concluding that there had been no assumption of the executory contract at issue, relied in *dicta* upon an alternative ground, stating:

> an executory contract may *not* be assumed either by implication or through the use of boilerplate plan language. *See In re Swallen's, Inc.*, 210 B.R. 120, 122 (Bankr.S.D.Ohio 1997) (because assumption of executory contract requires court approval, executory contract "can only be expressly assumed"); *In re Cole*, 189 B.R. 40, 46–47 (Bankr.S.D.N.Y.1995) (boilerplate plan language purporting to assume all executory contracts not expressly rejected prior to confirmation ineffective to assume leases because it

would allow circumvention of § 365's requirement of judicial approval); *In re Parkwood Realty Corp.*, 157 B.R. 687, 689, 690–91 (Bankr.W.D.Wash.1993) (catch-all plan boilerplate language stating all other executory contracts not previously rejected shall be deemed rejected was insufficient to reject contract).

The plan here expressly assumed the executory contracts at issue, and did not assume them by implication. Moreover, Alberts has not contended that the plan used ineffectual boilerplate language. By explicitly deeming the executory contracts at issue assumed (subject to a retained right of rejection if cure amounts proved unacceptable) and setting forth provisions for fixing the cure amounts, and deadlines for paying the same, the confirmed plan here can hardly be said to have employed "boilerplate language" (whatever that term means). The three decisions cited by *O'Connor* do not alter this analysis.

*Swallen's* did not even involve a confirmed plan and dealt with the proposition that assumption cannot be implied from conduct of the trustee or debtor in possession.

*Cole* involved plan language which provided for deemed assumption of *executory contracts* but not *leases* and the issue was whether a *lease* had been assumed. Moreover, the court in *Cole* found the plan language to be contradictory because it additionally stated that executory contracts were "unaffected by the Chapter 11 case" and reserved the right in the debtors to move to assume or reject up until confirmation. The plan here contains no contradictory language.

Finally, *Parkwood Realty* turned on due process concerns, and only secondarily questioned the effectiveness of a plan provision deeming executory contracts rejected. The other party to the executory contract had no notice of the plan, and had been listed on neither the debtor's schedule of executory contracts nor its schedules of creditors. Here, Humana was well aware of the case, and the language of the plan was clear and unambiguous, and was intended to reach Humana's executory contracts with the debtors. *See Charter Asset Corp. v. Victory Markets, Inc. (In re Victory Markets, Inc.)*, 221 B.R. 298, 303 (2d Cir. BAP 1998) (plan expressly stated that "[a]ll unexpired leases of each of the Debtors not previously assumed and assigned are hereby specifically rejected," and this language was clear and unambiguous). Indeed, the plan here specifically mentioned the debtors' understanding "that the proponents of the Recapitalization Proposal intend to assume ... third-party payor agreements," Plan § 8.1(c), and Alberts has not disputed Humana's representation that its agreements with the debtors were third-party payor agreements.

Moreover, Humana has not complained that it received inadequate notice of the deadline to file a claim for cure amounts to which it is entitled by reason of the deemed acceptance. This serves to distinguish *Parkwood Realty*. *See Victory Markets*, 221 B.R. at 304–305 (holding that *Parkwood Realty*, even if its *dicta* regarding boilerplate plan provisions were correct, has no applicability when the other party to the executory contract supports the assumption or rejection the debtor is attempting to uphold pursuant to such provisions).

V

Alberts next argues that in preference avoidance litigation under § 547, the hypo-

thetical liquidation described in § 547(b)(5) must be determined as of the date of the filing of the petition, with postpetition events being irrelevant. *See Neuger v. United States (In re Tenna Corp.),* 801 F.2d 819, 823 (6th Cir.1986).[10] Thus, he contends, *Superior Toy* (and decisions of the same ilk cited above in footnote 8) were erroneously decided because the assumption of the executory contracts or leases in those decisions occurred postpetition.

### A.

■ However, those decisions can be upheld as not depending on a § 547(b)(5) analysis. Instead, at the core they depend on the conclusion that the assumption power and the avoidance powers available to a trustee under the Bankruptcy Code are mutually exclusive remedies. Once the assumption power is exercised (either by an order entered before confirmation or by the procedures of a confirmed plan which is binding on creditors and successors to the trustee's avoidance powers under § 1141(a)), pursuit of a trustee's § 547 preference avoidance power is barred as inconsistent with such assumption. That renders irrelevant what would have happened in a hypothetical § 547(b)(5) liquidation on the petition date.

### B.

Indeed, even in the Sixth Circuit at least one court, has not viewed *Tenna Corp.,* 801 F.2d at 823, as preventing dismissal of a preference action when there has been an assumption of the executory contract pursuant to which the payments sought to be avoided were made. In *Phoenix Restaurant,* 2005 WL 114327 at *10–13, the court reasoned that *res judicata* required such dismissal. The doctrine of *res judicata* applies as well here, as Alberts, as successor to the avoidance powers of the debtors in possession, is bound by privity to the consequences of the deemed assumption under the confirmed plan of the Humana executory contracts: that assumption has been made pursuant to the powers of the same debtors in possession to assume executory contracts.

However, it is inappropriate to straitjacket a court to a mechanical application of principles of *res judicata* in analyzing this issue. A consideration of the nature of the two remedies of assumption and preference avoidance readily leads to the conclusion that the Bankruptcy Code contains a built-in preclusion principle: it plainly contemplates that assumption of an executory contract and preference avoidance regarding payments under the same executory contract are mutually exclusive avenues of relief.

### C.

■ Moreover, once an executory contract is assumed pursuant to a trustee's power of assumption, then as between the trustee and the other party, the executory contract is necessarily assumed for all purposes in the case. In *LCO Enterprises,* the Ninth Circuit held that a trustee, seeking to avoid prepetition lease payments

---

10. *See also Palmer Clay Products Co. v. Brown,* 297 U.S. 227, 229, 56 S.Ct. 450, 80 L.Ed. 655 (1936) (effect of preferential payment is tested as of the petition date, not as of the date of payment); *Gosch v. Burns (In re Finn),* 909 F.2d 903, 905 (6th Cir.1990); *Still v. Rossville Bank (In re Chattanooga Whole-sale Antiques, Inc.),* 930 F.2d 458 (6th Cir. 1991); *Abramson v. St. Regis Paper Co. (In re Abramson),* 715 F.2d 934, 939 n. 9 (5th Cir. 1983); *Phoenix Restaurant Group, Inc. v. Denny's Corp. (In re Phoenix Restaurant Group, Inc.),* 2005 WL 114327 (Bankr.M.D.Tenn. 2005).

could not construct a hypothetical § 547(b)(5) analysis based on a hypothetical rejected lease when, in actual fact, the lease had been assumed. "The Trustee cannot use § 547(b)(5) to circumvent the requirements of § 365(b)." *LCO Enterprises,* 12 F.3d at 943. If an assumed lease or executory contract must be thus treated as hypothetically assumed by the hypothetical chapter 7 trustee in a hypothetical liquidation under § 547(b)(5), necessarily the other party receives full payment of all amounts due as a condition to assumption in such a hypothetical liquidation, even if there are insufficient assets to pay other claims (including the administrative claims of the hypothetical chapter 7 liquidation) in full. Thus, by virtue of the prepetition payments, the other party has not received more than it would had there been no such payments and there had been such a hypothetical liquidation under § 547(b)(5). *See LCO Enterprises,* 12 F.3d at 944 ("Because the lease was assumed, Lincoln's position was not improved by the prepetition payments within the meaning of § 547(b)(5)."). Accordingly, no preference exists in this case.

Nothing in *Tenna Corp.* bars consideration of the postpetition assumption of an executory contract in deciding whether the prepetition payments on that executory contract may be recovered as preferences. In *Tenna Corp.,* the chapter 7 trustee sought to recover payments to the IRS as preferences, arguing that insufficient assets existed in the chapter 7 case to pay all creditors of the IRS's rank of priority in full. However, the case had lingered in chapter 11 for more than eight months before it was converted to chapter 7. Section 547(b)(5) requires the court to assume that the case was one under chapter 7. The court of appeals held that any deterioration in the estate's financial condition that arose during the chapter 11 case, thereby preventing enough assets to be on hand to pay creditors of the IRS's rank of priority in full in the ensuing chapter 7 case, ought not be taken into account in conducting the § 547(b)(5) hypothetical liquidation in a hypothetical chapter 7 case.

Here, in contrast, the court is merely holding that the assumption of Humana's executory contracts pursuant to a trustee's assumption powers has binding effects on the preference avoidance powers of a trustee pursued against Humana. Necessarily, Humana's executory contracts must be treated as assumed, not rejected, in applying the § 547(b)(5) analysis regarding the payments to Humana.[11]

### D.

■ In any event, it is evident that the rights of a party to an executory contract assumed by a trustee, and any rights of a trustee to avoid payments under that executory contract grow out of the same transaction, and thus would give rise to a dollar

---

11. *Chattanooga Wholesale* is similarly not a basis for disregarding the effects of an assumption order on a trustee's preference avoidance powers. In *Chattanooga Wholesale,* 930 F.2d at 460 and 465, the court treated a creditor as unsecured in conducting a § 547(b)(5) analysis even though a confirmed plan had listed the bank as a secured creditor with a security interest in the debtor's inventory entitled to receive payments under the plan as such. However, the confirmed plan did not purport to address whether prepetition payments to the creditor were to be treated as made on account of a secured claim. Moreover, after the case had been converted to chapter 7, the bank's security interest was avoided as unperfected by a separate judgment. *Id.* at 461. So at the time of the preference action, any effect of the confirmed plan regarding the bank's secured status had already been undone.

38

for dollar recoupment defense to any attempt to avoid and recover payments under the same contract. *Philip Servs.*, 284 B.R. at 553; *MMR Holding Corp.*, 203 B.R. at 613 ("[T]he estate cannot simultaneously become administratively obligated for all amounts due under an assumed contract (both pre– and post-petition) and recover for the estate payments made pursuant to the contract."). As the two trustee powers derive from the same source, the powers the debtors in possession had under the confirmed plans, there would be the necessary privity for Humana to raise a recoupment defense in this avoidance action.

## VI

Alberts finally points to the confirmed plan's having provided that Alberts would not be allowed to pursue certain specified avoidance claims, but that the avoidance claims against Humana were not among those specified claims. However, the express exclusion of the pursuit of certain avoidance claims does not negate the effect that assumption of the executory contracts with Humana will have of barring pursuit of avoidance claims against Humana.

## VII

An order follows.