**In re MALDEN MILLS, INC., Debtor.**

**Gertrude BAKER, Assignee Original Shop-At-Home Co., Inc., Lessor,**

v.

**MALDEN MILLS, INC., Defendant.**

**Bankruptcy No. 81–01640–L.**
**Adv. No. 83–0462.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 23, 1983.

Richard S. Rosenstein, Richard Langerman, Goulston & Storrs, Boston, Mass., for defendant.

Debra S. Bolan, Lawrence, Mass., for plaintiff.

## MEMORANDUM AND ORDER

THOMAS W. LAWLESS, Chief Judge.

### MEMORANDUM AND ORDER RE REJECTION OF EXECUTORY CONTRACT

Malden Mills, Inc. (Debtor) filed a Motion to Reject Executory Contract one hour before its Plan of Reorganization was con-

firmed by this Court on April 7, 1983. Gertrude Baker (Lessor), assignee of a lease dated May, 1966 between Original Shop-At-Home Co., Inc. and the Debtor, objects to the Debtor's Motion. Lessor, citing 11 U.S.C. § 365(d)(2)[1], alleges that notice, hearing and approval of a motion to reject an executory contract must occur prior to confirmation of a plan of reorganization. 11 U.S.C. § 365(d)(2), made applicable to Chapter 11 by 11 U.S.C. § 1123(b)(2)[2], arguably prohibits a rejection of an executory contract by means of a plan of reorganization. Such a reading of these two Code sections seems questionable as this interpretation would render 11 U.S.C. § 1123(b)(2) superfluous. It seems more likely that Congress intended that a plan of reorganization could "provide for the assumption or rejection" of an executory contract, but that assumption or rejection must be in accordance with the substantive and procedural protections of 11 U.S.C. § 365. In any case, this Court need not address this apparent inconsistency between 11 U.S.C. § 365 and 11 U.S.C. § 1123, because the Plan in the instant case does not provide for the rejection of the executory contract. The Debtor's Motion to Reject Executory Contract was filed prior to confirmation. Article 12 of the Second Amended Plan of Reorganization, confirmed by this Court on April 7, 1983, under "Retention of Jurisdiction", provides that this Court shall have the power: "4. To hear and determine all claims arising from the assumption or rejection of executory contracts and consummate such assumption or rejection."

This issue was addressed by Judge Galgay in the Act case of *In Re J.M. Fields, Inc.,* 26 B.R. 852 (Bankr.S.D.N.Y.1983). In *Fields,* the court held that a similar retention of jurisdiction clause provided the

1. 11 U.S.C. § 365(d)(2) provides:
    "In a case under chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of the debtor at any time before the confirmation of a plan, but the Court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease."

2. 11 U.S.C. § 1123(b)(2) provides:
    "(b) Subject to subsection (a) of this section, a plan may (2) Subject to section 365 of this title, provide for the assumption or rejection of any executory contract or unexpired lease of the debtor not previously rejected under section 365 of this title. . . ."

court with jurisdiction to permit rejection of a lease post-confirmation where the application for rejection was made prior to and was pending at the time of confirmation. Policy inherent in reorganizations makes it impossible and impractical to require all issues involving motions to reject executory contracts to be finally adjudicated prior to confirmation.

Requiring final determination prior to confirmation of all applications to reject a lease, with subsequent appeals and possible imposition of stays, would postpone confirmation of a debtor's plan of arrangement, thus impeding the debtor's rehabilitation and return to the market place. Such an outcome thwarts the very aim of reorganization proceedings. *In Re Fields, supra,* at 857.

I do not see any reason why the *Fields* rationale should not apply to the new Code. The Lessor could have instituted proceedings to have its lease rejected or assumed any time after the beginning of the reorganization proceedings. *See* 11 U.S.C. § 365(d)(2). Furthermore, there is no suggestion that the Debtor misled the Lessor regarding its intention to assume or reject the executory contract. It certainly would be anomalous under these circumstances to allow the Lessor to avoid a pending motion for rejection by an assertion that such rejection must be fully consummated prior to confirmation, where the confirmed Plan of Reorganization signed by this Court specifically gives this Court authority post-confirmation.

I find that pursuant to the retention of jurisdiction provision in the Plan, this Court may adjudicate post-confirmation the Debtor's pending Motion to Reject Executory Contract. Thus the Lessor's objection is denied. Accordingly, this Court having jurisdiction to determine the Debtor's pending Motion to Reject Executory Contract, hereby orders that substantive objections to the Debtor's Motion shall be filed on or before December 16, 1983. Absent any objections, this Court will allow the Debtor's Motion to Reject Executory Contract without further hearing. Upon objection, the matter will be set down for hearing.