## In re NATIONAL PARAGON CORPORATION.

### Civ. A. No. 86–1702.

United States District Court, E.D. Pennsylvania.

March 18, 1987.

Douglas H. Weiss, Philadelphia, Pa., for debtor.

Charles M. Golden, Philadelphia, Pa., for Creditors Committee.

Marvin Krasny Philadelphia, Pa., for Allomatic Ind., Inc.

Thomas A. Guise, Philadelphia, Pa., Deputy in Charge of Bky. Operations.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Debtor appeals an order of the bankruptcy court concluding that the debtor's motion to assume an unexpired lease was ineffective because the court had failed to approve the assumption within the time period provided by section 365(d)(4) of the Bankruptcy Code, 11 U.S.C. § 365(d)(4)

That section provides:

if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

The parties timely entered into a court approved stipulation extending the period in which "the Debtor shall assume or reject the aforesaid sublease ... until January 31, 1986 ..." On January 7, 1986, the debtor filed with the bankruptcy court a motion to assume the unexpired sublease agreement. No court action was taken before January 31, 1986.

While courts are split as to whether section 365(d)(4) requires court approval of the assumption or rejection within the specified time period, the majority have concluded that it does not. *See In re Chandel Enterprises, Inc.*, 64 B.R. 607, 609 (Bankr.C.D. Cal.1986); *Matter of Burns Fabricating Co.*, 61 B.R. 955, 957–58 (Bankr.E.D.Mich.

1986); *In re Re-trac Corp.*, 59 B.R. 251, 254–55 (Bankr.D.Minn.1986); *In re By-Rite Distributing, Inc.*, 55 Bankr. 740 (D. Utah 1985); *In re Bon Ton Restaurant and Pastry Shop, Inc.*, 52 B.R. 850, 852–55 (Bankr.N.D.Ill.1985). *But see In re House of Emeralds,* 57 B.R. 31, 35 (Bankr.D.Haw. 1985).

I am persuaded by the reasoning of those courts determining that section 365(d)(4) does not require court approval within the specified time period and follow their position without reiterating the analysis here. This position is reinforced by the fact that section 365(d)(4) is silent as to court approval of assumption or rejection within any time period, while it expressly requires court approval of an extension within sixty days, and other sections of the Bankruptcy Code requiring court action within a specified time period provide so expressly. *See e.g.* 11 U.S.C. § 362(e). Therefore, I conclude that the debtor's filing of a motion to assume the sublease within the extended period stipulated by the parties and ordered by the bankruptcy court was sufficient under section 365(d)(4) despite the lack of court approval within that period. Accordingly, the February 12, 1986, order of the bankruptcy court will be reversed.