**In re DELTA PAPER COMPANY, INC., Debtor.**

**Bankruptcy No. 3–87–00181.**

United States Bankruptcy Court, E.D. Tennessee.

June 1, 1987.

---

Fred M. Leonard, Bristol, Tenn., for debtor.

Margaret B. Fugate, Johnson City, Tenn., for lessor, Mike Bailey.

## MEMORANDUM AND ORDER ON DEBTOR'S MOTION TO ASSUME LEASE

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Delta Paper Company, Inc. (debtor) filed its voluntary petition under Chapter 11 of title 11 on January 26, 1987. On March 24, 1987, the debtor filed a "Motion To Assume Lease And Assign Same Under 11 U.S.C. § 365(f)(3) [sic]." The debtor's motion was routinely docketed and calendared for hearing on April 27, 1987. At the hearing the lessor, Mike Bailey, objected to the proposed lease assumption on the grounds that the debtor failed to consummate an assumption within the 60 days following the order for relief or, within such additional time as the court, for cause, within such 60–day period fixes.[1]

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(M) (West Supp.1987).

At issue is the time within which a lease of nonresidential real property must be assumed by a debtor. Phrased another way, does a debtor's timely-filed motion to assume constitute the requisite compliance with § 365(d)(4) that the "trustee ... assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief ...," even though the hearing seeking court approval may be delayed beyond the 60–day period set forth in § 365(d)(4)?[2]

Courts are divided in their resolution of this issue. See *By-Rite Distributing, Inc. v. Brierley (In re By-Rite Distributing, Inc.)*, 55 B.R. 740 (D.Utah 1985) (trustee assumes or rejects lease within meaning of § 365(d)(4) when he makes up his mind to do so and communicates his decision in appropriate manner such as by filing motion to assume; court approval of the assumption is not required within the 60–day period); *In re BDM Corp.*, 71 B.R. 142 (Bankr.N.D.Ill.1987) (court approval can fall outside 60–day period as long as motion to assume is filed within 60 days from entry of the order for relief); *In re J. Woodson Hayes, Inc.*, 69 B.R. 303 (Bankr. M.D.Fla.1987) (lessor waived right to insist that debtor file formal motion to assume lease within 60 days of petition where debtor had communicated to lessor its intent to assume lease and lessor had acquiesced therein). *Contra In re House of Deals of Broward, Inc.*, 67 B.R. 23 (Bankr.E.D.N.Y.

1. At this hearing Mr. Bailey's attorney orally objected to the debtor's motion. This objection was subsequently reduced to writing and filed with the court on May 8, 1987. The objection is premised upon several grounds, however, this opinion will not address any issue other than the time within which a lease of nonresidential real property must be assumed.

2. The complete text of § 365(d)(4) provides:
Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.
11 U.S.C.A. § 365(d)(4) (West Supp.1987).

1986) (motion of Chapter 11 debtor for extension of time to assume or reject lease of nonresidential real property, filed within 60 days from commencement of case, was not granted when heard beyond 60–day period as lease was deemed rejected by operation of law 61 days after case was filed).

Under the 1984 amendments, a nonresidential lease to which the trustee or debtor in possession is the lessee is deemed rejected unless assumed within 60 days of the entry of the order for relief. Section 365 of the Bankruptcy Reform Act of 1978 contained no such provision.[3]

No extension of the 60–day period mandated by § 365(d)(4) was obtained by the debtor prior to the filing of its motion to assume. The court finds that no such extension was required. The filing of the motion to assume by the debtor on March 24, 1987, within the 60–day period, was a sufficient manifestation of the debtor's intention to assume as to meet the 60–day time requirement set forth in § 365(d)(4). This court believes a construction requiring the entire assumption process, including court approval, to occur within 60 days of the commencement of the case, to be unreasonable and out of step with the congressional intent behind the enactment of § 365(d)(4). Following *In re By-Rite Distributing, Inc., supra,* this court adopts the reasoning of Chief Judge Jenkins:

Section 365 contemplates two distinct actions, one by the trustee (or debtor in possession) and one by the court. The trustee assumes or rejects, and the court approves. The Code does not specify how the trustee is to assume or reject a lease, but the trustee's action is different from the court's. Such is the import of § 365(a), which says that "the trustee, subject to the court's approval, may as-

sume or reject any . . . unexpired lease of the debtor."

The court concludes that the trustee assumes or rejects the lease within the meaning of § 365(d)(4) when he makes up his mind to do so and communicates his decision in an appropriate manner, such as by filing a motion to assume. The assumption may become effective only after the court approves it. It is, in effect, subject to defeasance by the court. But the trustee's act of assuming the lease is complete for purposes of § 365(d)(4) before the trustee ever obtains court approval. . . . And according to the statute, it is only the trustee's action that must occur within sixty days. *Accord In re Bon Ton Restaurant & Pastry Shop, Inc.,* 52 B.R. 850 (Bankr.N.D.Ill.1985). *The express language of the statute imposes no such deadline for the court's action.*

*In re By-Rite Distributing, Inc.,* 55 B.R. at 742–43 (emphasis added) (citation and footnote omitted).

In accordance with the above, that portion of the lessor's objection to the debtor's motion to assume predicated upon the contention the debtor failed to assume within the 60–day period required by § 365(d)(4) is DENIED.

This matter is set for further hearing on the debtor's March 24, 1987 "Motion To Assume Lease And Assign Same Under 11 U.S.C. § 365(f)(3) [sic]" on the 19th day of June, 1987, at 2:30 p.m., in the Municipal and Safety Building, 601 East Main Street, Johnson City, Tennessee.

**3.** Prior to the 1984 amendments § 365(d) provided:

(d)(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such contract or lease is deemed rejected.

(2) In a case under chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of the debtor at any time before the confirmation of a plan, but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C.A. § 365(d) (West 1979).