In re C & C TV & APPLIANCE, Debtor.

Civ. A. No. 89–2864.

United States District Court, E.D. Pennsylvania.

Aug. 24, 1989.

Alan R. Gordon, Philadelphia, Pa., for Landlord.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for Transamerica.

Gary M. Schildhorn, Adelman, Lavine, Gold & Levin, Philadelphia, Pa., for debtor.

James W. Adelman, Morris & Adelman, Philadelphia, Pa., for Caloric Corp., Whirlpool Acceptance Pierce Phelps Corp.

Rosetta B. Packer, Klehr, Harrison, Harvey, Branzburg, Ellers & Weir, Philadelphia, Pa., for Fidelity Nat. Bank Ass'n.

Marvin Krasny, Wolf, Block Schorr & Solis–Cohen, Philadelphia, Pa., for Creditors' Committee.

James J. O'Connell, Philadelphia, Pa., Asst. U.S. Trustee.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court is an appeal from the Memorandum and Order entered on March 16, 1989 in the United States Bankruptcy Court for the Eastern District of Pennsylvania by the Honorable David A. Scholl. 97 B.R. 782 (Bankr.E.D.Pa.1989). The appeal was filed on March 24, 1989 by the appellee's landlord, Emory Hill and Associates, Inc. (Emory Hill). For the reasons stated herein, the March 16, 1989 Memorandum and Order of Judge Scholl must be affirmed.

## BACKGROUND

On December 22, 1988, the debtor, C & C TV and Appliance, Inc., (C & C) filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (Bky. No. 88–14430). Emory Hill filed a motion for declaratory judgment that the debtor's lease was properly terminated before the debtor's bankruptcy filing, or in the alternative, for relief from the automatic stay pursuant to section 362 of the Bankruptcy Code. In an order dated January 20, 1989, the bankruptcy court approved the amended stipulation entered into between C & C TV & Appliance, Inc. and Transamerica Commercial Finance Corporation for post-petition financing pursuant to 11 U.S.C. § 364. The debtor, in turn, filed a motion on February 2, 1989 for an order authorizing assumption of two unexpired leases for nonresidential real property pursuant to 11 U.S.C. § 365(a).

On March 8, 1989, Judge Scholl held a hearing on the aforesaid motions. At this hearing, the parties submitted a supplemental partial stipulation of facts. On March 16, 1989, Judge Scholl entered an order which (1) denied Emory Hill's motion in its entirety; and (2) authorized the debtor's assumption of the unexpired lease agreement dated November 14, 1986.

## DISCUSSION

The findings of fact of a bankruptcy court shall not be set aside unless clearly erroneous. Fed.R.Bankr.P. 8013. The district court exercises plenary review of the legal standards applied by the bankruptcy court. *In re Abbotts Dairies*, 788 F.2d 143, 147 (3d Cir.1986); *In re Grant Broadcasting of Philadelphia*, 75 B.R. 819, 821 (E.D.Pa.1987).

■ Section 541 of the Bankruptcy Code defines property of the bankrupt estate as "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A tenant's interest in the lease and premises is a

legal or equitable interest constituting property of the estate. *In re Aponte*, 82 B.R. 738, 743 n. 9 (Bankr.E.D.Pa.1988). Under 11 U.S.C. § 362, the filing of a bankruptcy petition operates as a stay on the property of the debtor.

In the March 16, 1989 opinion and order appealed from, Judge Scholl held that Emory Hill failed to establish the prerequisites for termination of the lease under the terms of the lease. The pertinent sections of the lease are as follows:

19. DEFAULT PROVISIONS:

In the event of any default of Tenant in paying any installment of Basic Rental, additional rent or other sums payable hereunder, Landlord may elect to immediately terminate this Lease by serving a written notice upon Tenant not less than five (5) days after the day of serving such notice; provided that this Lease shall not terminate or expire if Tenant remedies such nonpayment within such five (5) day period. Landlord shall not be required to give Tenant notice of any default in the payment of rent more than two (2) times in any twelve month period.

\* \* \* \* \* \*

32. NOTICES:

All notices to Tenant under this lease shall be conclusively presumed to have been delivered, one day after mailing by United States mail, first class, certified or registered, and postage prepaid, addressed to Tenant, C & C TV and Appliance, Inc. at 101 East Baltimore Pike, East Lansdowne, PA 19050 or to such other address as Tenant may in writing from time to time designate, with a copy to Stephen M. Foxman, Esquire, Hangley Connolly Epstein Chicco Foxman & Ewing, 1429 Walnut Street, 14th Floor, Philadelphia, PA 19102.

Secondly, Judge Scholl held that the landlord's attempt to terminate the lease without judicial means was impermissible.

Emory Hill argues that the lease termination provision at ¶ 19 should be construed against the debtor since the debtor had drafted a part of the termination provision, and the default letters provided adequate notice of termination of the lease.

Emory Hill draws support for its argument by pointing to the stipulation of facts in which the debtor admitted receiving the letters of default and the letter of termination.

In response, the debtor argues that the lease was not terminated, since specific terms of the lease were not followed. The debtor emphasizes that Emory Hill failed to mail the default letters to both addresses listed for the debtor at ¶ 32 of the lease. Alternatively, the debtor contends that even if the notices were properly served, the notice of termination was not properly served on the debtor in compliance with paragraph 32 of the lease.

Finally, Emory Hill contends that Judge Scholl was incorrect in granting debtor's motion to assume because the bankruptcy court had not acted on the debtor's motion to assume within the sixty day period set forth under Section 365(d)(4) of the Bankruptcy Code. Section 365(d)(4) allows for the assumption or rejection of executory contracts and unexpired leases within sixty days of the filing of the bankruptcy petition.

■ Judge Scholl initiates his analysis of the lease from the perspective that forfeitures are "odious". *See Sudler v. Chester Housing Authority (In re Sudler)*, 71 B.R. 780, 785 (Bankr.E.D.Pa.1987). It is clear that the lease should be strictly construed since the principle of avoiding forfeiture is a significant factor. *Arcon Development Corp. v. United States*, 409 F.Supp. 671, 673 (W.D.Pa.1976), *aff'd*, 549 F.2d 794 (3d Cir.1977); *cf. Kopelman v. Halvajian (In re Triangle Laboratories, Inc.)*, 663 F.2d 463, 468–471 (3d Cir.1981) (noting forfeiture under section 70(b) of the Bankruptcy Act of 1898, as amended, is disfavored). Strictly construing paragraphs 19 and 32 of the lease, Judge Scholl properly held that only one notice, the September 29, 1988 letter, complied with the lease. The five day cure period could not be eliminated and the lease had not been terminated before the bankruptcy petition was filed on December 22, 1988.

In *U.S. v. Ron Pair Enterprises, Inc.,* — U.S. ——, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), a case analyzing section 506(b) of the Bankruptcy Code, the Supreme Court held that where the plain language of the statute is clear, the courts should enforce it according to its terms as long as a literal application of the statute does not produce a result demonstrably at odds with the intention of the drafters. The caveat raised in *Ron Pair,* however, is inapposite to the instant appeal. Section 365(d)(4) is not a provision which provides plain language procedures for assumption. *In re Condominium Administrative Services, Inc.,* 55 B.R. 792 (Bankr.M.D.Fl.1985). I must conclude that Judge Scholl properly granted the debtor's motion to assume.

■ Moreover, the debtor's timely motion to assume should not be denied merely because the bankruptcy court failed to grant the assumption within the time specified for assumption by section 365(d)(4). *In re National Paragon,* 74 B.R. 180 (Bankr.E.D.Pa.1987).

After a thorough review of the record on appeal, this court cannot find that Judge Scholl's findings of fact were clearly erroneous or that the bankruptcy court incorrectly interpreted or misapplied applicable law. Although I expressly do not adopt that part of Judge Scholl's analysis which relates to the termination of leases pursuant only to judicial proceedings, I shall affirm the order of the bankruptcy court for the reasons set forth herein.