IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 8, 2008 Session

## ANDERSON PROPERTIES v. INTERNATIONAL KNIFE & SAW, INC. and SIMONDS INTERNATIONAL CORPORATION

Appeal from the Chancery Court for Davidson County
No. 04-446-III     Ellen Hobbs Lyle, Chancellor

No. M2007-01779-COA-R3-CV - Filed November 13, 2008

This is an appeal from summary judgment granted in favor of defendant-lessee on an action to collect back rent and other expenses pursuant to a long-term commercial lease agreement with plaintiff-landlord. Lessee filed for Chapter 11 bankruptcy prior to the filing of the instant action. We have concluded that the commercial lease upon which landlord relies was deemed rejected by operation of law in the bankruptcy proceedings and that landlord is therefore barred from recovering the damages it seeks. Judgment of the chancery court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Alan C. Housholder, Nashville, Tennessee, for the appellant, Anderson Properties.

John H. Rowland, Nashville, Tennessee, for the appellees, International Knife & Saw, Inc. and Simonds International Corporation.

**OPINION**

### BACKGROUND

On March 5, 1998, International Knife & Saw, Inc. ("IKS") entered into a five-year commercial lease agreement with Anderson Properties ("Anderson") for real property located at 2605 Grissom Drive, Nashville, Tennessee. On September 24, 2001, IKS filed for Chapter 11 bankruptcy in the United States Bankruptcy Court in the District of Delaware. The bankruptcy court approved IKS's second amended plan of reorganization on December 17, 2001. Before filing for bankruptcy, IKS assigned the Anderson lease agreement to Dunbar Industries ("Dunbar") in May

of 2000. Dunbar subsequently defaulted on the agreement by failing to make rental payments. Dunbar's default occurred after IKS's plan was confirmed by the bankruptcy court in 2001.

Anderson filed suit against IKS on February 11, 2004, seeking to recover back rent, late fees, interest, and attorney's fees.[1] IKS moved for summary judgment arguing that the lease was rejected by operation of law pursuant to 11 U.S.C. § 365(d)(4) before the bankruptcy court confirmed IKS's second amended plan of reorganization. Anderson responded and moved for partial summary judgment asking the court to declare that the lease agreement was assumed by IKS pursuant to the December 17, 2001 bankruptcy order. The trial court found that the Anderson lease was rejected by operation of law on November 23, 2001, and was not contemplated in or assumed by the plan of reorganization. The chancellor granted summary judgment in favor of IKS and dismissed the action with prejudice. Anderson appeals.

## STANDARD OF REVIEW

Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Pub. Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we must determine whether factual disputes exist. If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). Under Tenn. R. Civ. P. 56, the moving party must negate an element of the opposing party's claim or establish an affirmative defense. *Byrd*, 847 S.W.2d at 215 n.5.

## ANALYSIS

Anderson contends IKS assumed the lease agreement by way of the bankruptcy court order confirming IKS's plan of reorganization entered December 17, 2001, thereby entitling Anderson to enforce the lease. Specifically, Anderson takes issue with the trial court's determination that the reorganizational plan applied only to those executory contracts in effect at the time the plan was confirmed by the bankruptcy court and submits that its lease was assumed by IKS pursuant to the December 17, 2001 order. After reviewing the undisputed facts in the record and taking all inferences in favor of Anderson, we conclude, as a matter of law, that IKS rejected the Anderson lease and Anderson is therefore barred from recovering the rent and the damages it seeks.

---

[1] IKS and Simonds Industries, Inc. merged to form Simonds International Corporation which was added as a party defendant on February 17, 2005. Dunbar was allegedly insolvent.

"The purpose for allowing a trustee or debtor-in-possession to assume or reject an executory contract is to enable a trustee or troubled debtor to take advantage of a contract that will benefit the estate by assuming it or alternatively, to relieve the estate of a burdensome contract by rejecting it." *Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 953 n.3 (Bankr. N.D. Ohio 1997). Pursuant to Bankruptcy Code § 365 as it read in 2001, a commercial lease agreement, like the one at issue in this case, will automatically be deemed rejected unless it is expressly assumed or rejected within the time prescribed by statute:

> [I]n a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C.A. § 365(d)(4) (2001).[2] In order to prevent a nonresidential real property lease from being deemed rejected by operation of law under section 365, the trustee must communicate the decision in an appropriate manner, such as by filing a motion to assume, before the expiration of the 60 days following the entry of the order for relief or any valid extensions of that period. *See, e.g., In re Delta Paper Co., Inc.*, 74 B.R. 58, 60 (Bankr. E.D. Tenn. 1987)). Accordingly, a failure to affirmatively assume an unexpired commercial lease within the time limits of 11 U.S.C.A. § 365(d)(4) constitutes a constructive renunciation of the lease and compels the debtor to immediately surrender the premises to the creditor. *In re F & M Distributors, Inc.*, 202 F.3d 268, No. 98-2038, 2000 WL 32014, *1 (6th Cir. Jan. 4, 2000) (unpublished table decision).

According to Anderson, it was listed as a creditor in IKS's petition for bankruptcy but failed to file a claim for post-petition rent[3] because it "believed that the Order confirming the Plan of reorganization dated December 17, 2001 provided that the lease between Anderson Properties and [IKS] had been assumed by [IKS]." In support of its argument, Anderson relies on paragraph 33 of the December 17, 2001 order which provided that "all Executory Contracts will be deemed assumed by [IKS]. . . ." As defined in the plan, an "Executory Contract" was "[a]ny executory contract or unexpired lease, subject to Bankruptcy Code § 365, between any of the Debtors and any other Person or Persons, specifically excluding contracts and agreements entered into pursuant to the Plan." Anderson contends that because its lease was for a term of five years and was not set to expire until March 4, 2003, its lease was unexpired at the time the plan was confirmed. However, the plan noted that any unexpired lease or executory contract as defined in the plan remained subject to section 365 of the Bankruptcy Code. In its statement of undisputed facts, IKS alleged it "neither assumed nor

---

[2]Under the current version of section 365(d)(4), an unexpired nonresidential lease will be deemed rejected if the trustee does not assume or reject it within the earlier of (i) 120 days after the petition for relief, or (ii) entry of the confirmation order.

[3]If an unexpired nonresidential lease is rejected, the creditor/lessor is permitted to file a claim for rent as damages for breach. *See* 11 U.S.C.A. § 502(b)(6) (2001).

rejected the Nashville [Anderson] Lease at any time between the filing of the Petition and the Order." Anderson responded claiming that this fact was irrelevant and restated its position that IKS assumed the lease on December 17, 2001. Consequently, there is no evidence to dispute the fact that IKS took no affirmative action either assuming or rejecting the Anderson lease between September 24, 2001, and November 23, 2001, the expiration date of the 60-day period.

After IKS filed its petition for bankruptcy, it petitioned the bankruptcy court for an extension of time to consider whether it would assume or reject several unexpired nonresidential commercial lease agreements as provided by section 365(d)(4). The Anderson lease was not among the four leases referenced in the motion. Anderson does not argue that the additional time granted applied to its lease. Each of the unexpired leases and/or subleases subject to the time extension were individually defined and collectively defined as "Assigned Leases" in the plan.[4] Accordingly, the Anderson lease was among those "deemed rejected" on November 23, 2001, by 11 U.S.C.A. § 365(d)(4). We find no support for Anderson's contention that the lease still qualified as an unexpired lease or executory contract after it had been rejected by operation of law.[5] The plan applied only to those executory contracts in effect as of December 17, 2001, and cannot reasonably be read to "revive" leases terminated by operation of 11 U.S.C.A. § 365(d)(4).

## CONCLUSION

It is undisputed that IKS did not assume or reject the unexpired nonresidential lease agreement with Anderson within 60 days of filing its petition for Chapter 11 bankruptcy. Pursuant to the provisions of 11 U.S.C.A. § 365(d)(4), the Anderson lease agreement was rejected by IKS. Having failed to preserve a claim under the lease following its rejection in bankruptcy, Anderson is now barred from pursuing a claim under the lease agreement against IKS. The summary judgment granted in favor of IKS by the trial court was appropriate and is therefore affirmed. Costs of appeal are assessed against the appellant, Anderson Properties, for which execution may issue, if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[4]The commercial leases to which the extension applied were for properties located in Washington, Georgia, Illinois, and Wisconsin.

[5]Support for the notion that an unexpired lease cannot remain operative after it has been deemed rejected is found in the requirement of 11 U.S.C.A. § 365(d)(4) that "the trustee shall immediately surrender such nonresidential real property to the lessor."