In re PHILIP SERVICES
(DELAWARE), INC.,
et al., Debtors.

Philip Services Corp. and Luntz
Corporation, Appellants,

v.

Andrew Luntz; Gregory Luntz, Individ-
ually and in His Capacity as Repre-
sentative of Certain Shareholders of
Pre–Merger Luntz Corporation; John
Luntz; and McDonald & Company Se-
curities, Inc., Appellees.

Bankruptcy No. 99–2385 MFW.
Civ.A. No. 02–1649 JJF.

United States District Court,
D. Delaware.

Sept. 30, 2003.

Gregg M. Galardi, Gary A. Rubin, Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, DE, of counsel: Edward J. Meehan, David E. Carney, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, D.C., for Appellants.

Stuart M. Brown, Buchanan Ingersoll, P.C., Wilmington, DE, of counsel: Craig R. Tractenberg, Buchanan Ingersoll, P.C., Philadelphia, PA, for Appellees.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is an appeal by Appellants, Philip Services Corp. and Luntz Corporation (collectively, "Appellants") from the October 18, 2002 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") granting summary judgment in favor of Appellees, Andrew Luntz, Gregory Luntz, John Luntz and McDonald & Company Securities, Inc. For the reasons discussed, the Court will affirm the October 18, 2002 Order of the Bankruptcy Court.

## I. The Parties' Contentions

The facts of this action are set forth fully in the Bankruptcy Court's Opinion. *In re Philip Services (Delaware), Inc.*, 284 B.R. 541 (Bankr.D.Del.2002). By their appeal, Appellants raise two issues: (1) that the Bankruptcy Court erred in concluding that the Merger Agreement which effectuated the Merger of Philip Environmental Inc. Delaware Acquisition Corporation ("PEDAC") and Luntz Corporation was inseparable from the Promissory Note issued as consideration for the merger; and (2) that the Bankruptcy Court erred in concluding that the Merger Agreement (as combined with the Promissory Note) was an executory contract that was assumed by the Debtors by operation of law under 11 U.S.C. § 365 pursuant to the Bankruptcy Court's Confirmation Order.

With respect to the Bankruptcy Court's conclusion that the Merger Agreement and Promissory Note were inseparable, Appellants contend that the Bankruptcy Court's conclusion conflicts with principles of contract construction. Appellants point out that the Merger Agreement and Promissory Note have different parties and different obligations, and the mere fact that the Promissory Note was attached to the Merger Agreement is insufficient to render them inseparable. Further, Appellants point out that the Promissory Note was not assignable and the Merger Agreement was assignable. Thus, Appellants contend that the Bankruptcy Court ignored the plain language of the Promissory Note or rendered its non-assignment provision surplusage, results which are inconsistent with the principles of contract interpretation. Appellants maintain that if the Bankruptcy Court recognized the separateness of the Promissory Note, the Bankruptcy Court would have been compelled to accept the conclusion that the Promissory Note was not an executory contract that could be assumed by Appellants.

In response, Appellees contend that the Bankruptcy Court correctly concluded that the Promissory Note is not severable from the Merger Agreement, because the parties intended the Promissory Note to be an inseparable part of the Merger Agreement. Appellants maintain that this intention was evident in a number of clauses contained in the Merger Agreement which expressly incorporate schedules, attach-

ments and other agreements into the Merger Agreement.

With regard to the Bankruptcy Court's conclusion that the Merger Agreement was an executory contract, Appellants contend that the Bankruptcy Court erroneously considered only four provisions of the integrated Merger Agreement and Promissory Note to incorrectly conclude that "neither side has completed performance and both sides have monetary and non-monetary obligations remaining." *In re Philip*, 284 B.R. at 549. Appellants contend that the indemnification provisions, the covenants in Section 6 of the Merger Agreement related to the remediation of environmental impairments and the requirement that Luntz Services Corporation maintain a net worth of $3 million, the environmental representations and warranties, and the non-competition provisions do not create ongoing performance obligations sufficient to render the Merger Agreement an executory contract under the Countryman definition of executory contracts adopted by the Third Circuit in *Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 1989). Appellants also contend that these provisions of the Merger Agreement are not material, and therefore, even if mutual obligations remain, the lack of materiality of these provisions takes the Merger Agreement out of the definition of an executory contract.

In response, Appellees contend that Appellants' argument impermissibly attempts to parcel the Merger Agreement into distinct provisions. According to Appellees, the covenants and obligations in the Merger Agreement are unquestionably intertwined with other bargained for performance obligations. Appellees maintain that the contingency of an obligation does not preclude it from being executory and that the remedial obligations, extensive indem-

nity provisions and restrictive covenants of the Merger Agreement all create continuing performance obligations such that the Merger Agreement is an executory contract.

## II. Standard of Review

 The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup*, 281 F.3d 133, 136 (3d Cir.2002).

## III. DISCUSSION

 After reviewing the conclusions of the Bankruptcy Court under a plenary standard of review, the Court concludes that the Bankruptcy Court correctly concluded that the Merger Agreement and Promissory Note were inseparable. As the Bankruptcy Court pointed out, the parties' intentions determine whether two separately executed documents constitute

one agreement. In this case, the Bankruptcy Court correctly found that the interrelatedness of the Promissory Note and the Merger Agreement, as well as the plain language of the Merger Agreement, which included several provisions incorporating the schedules, instruments and other agreements into the definition of the term "Agreement," established the parties' intent that the Promissory Note and Merger Agreement be considered a single agreement. (Merger Agreement at §§ 1.11, 1.6, 1.1(c)(d)).

As for the Bankruptcy Court's conclusion that the Merger Agreement was an executory contract, the Court likewise concludes that the Bankruptcy Court performed the correct analysis and rendered the correct conclusion. A contract is executory if the obligations of both parties to the contract are so far unperformed that the failure of either party to complete performance would constitute a material breach excusing the performance of the other. *Sharon Steel*, 872 F.2d at 39. As the Bankruptcy Court observed there were several material obligations which remained to be performed by both parties under the Merger Agreement. The Bankruptcy Court provided a thorough analysis of these provisions and the applicable law, and the Court agrees with and adopts the rationale and analysis set forth by the Bankruptcy Court in this regard.

## IV. CONCLUSION

For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court dated October 18, 2002.

An appropriate Order will be entered.

### FINAL ORDER

At Wilmington, this 30th day of September 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED THAT the October 18, 2002 Order of the Bankruptcy Court is AFFIRMED.